### EVERETT vs. M'KINNEY AND WIFE.

7L 375
52 186

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CONCORDIA.

The Court of Probates will not entertain jurisdiction of a suit against a curator of an estate to recover the property which it is alleged, has been irregularly sold, and especially, when the purchasers are not made parties.

The Probate Court, cannot inquire directly into the title to real estate, though there are cases in which it may be done incidentally.

It is not enough to allege that a defendant is curator of an estate, to give jurisdiction to the Court of Probates, of the subject matter, not in itself of probate jurisdiction.

The plaintiff alleges he is the lawful heir of one William Hyman, deceased, whose succession has been opened in the parish of Concordia, and that it consists of a tract of land, slaves, stock of cattle, plantation implements, crops gathered, rights and credits, amounting to about twelve thousand

dollars, which property belonging to said estate, was sold by the widow of said Hyman, without the authority and formalities of law; there being no counsel for absent heirs appointed to attend the taking of an inventory, and no account of any administration was rendered for several years, as required by law. He alleges that said proceedings are null and void; and that the widow has since intermarried with one George G. M'Kinney, to one or both of whom, letters of curatorship have been granted: He, therefore, prays, that they be cited, that an attorney for absent heirs be appointed, and that he may be recognized as heir of the said William Hyman, deceased; that the sale of said estate, and all the proceedings had in this court, in relation to it, may be annulled, and that he be put in possession thereof.

On the 10th December, 1832, the defendants filed their answer, denying, generally, the plaintiffs demand; and specially his heirship and right to sue, &c.

On the 10th July, 1833, the defendant filed his peremptory exception to the petition; alleging he was not bound to answer to the merits, because the Probate Court had no jurisdiction of the case, and prayed that it be dismissed.

The judge of probates, rendered judgment on this exception, dismissing the cause; first, because the title to immoveables is involved, of which the Probate Court has no jurisdiction; second, the property is alleged to have been sold, and must be in the hands of third persons, whose rights cannot be decided on, without making them parties. The plaintiff appealed.

*R. Ogden and Winn*, for the plaintiff, explained the case. They contended, that the Probate Court had jurisdiction of the matters set up by the plaintiff in his petition, and was the proper tribunal in which she should present his claim, and hè recognised as heir.

*Dunbar*, for the defendant, replied, that the plaintiff's action could not be maintained. The sales of the property claimed, cannot be annulled, without making the purchasers

parties to the suit.  This not being done, the suit must be <span style="float:right">WESTERN DIST.<br>*October*, 1834.</span> dismissed.

2.  This is not an action of revendication, and consequently the property demanded, cannot be reclaimed.

<span style="float:right">EVERETT<br>*vs.*<br>M'KINNEY ET AL.</span>

3.  The curatrix is not called on to account for the property of her deceased husband's succession, and no judgment can be rendered against her.  In every point of view, therefore, in which it may be considered, this cause cannot be sustained.

*Bullard, J.,* delivered the opinion of the court:

The only question presented in this case for our decision, is whether the petition sets forth any matters of probate jurisdiction.

The petition begins by alleging that he is a lawful heir of one Hyman, whose succession is open in the parish, and unadministered.   That one of the defendants claiming to be the widow of the deceased, took possession of the estate, consisting of land, slaves and moveables, that it was sold by her without an observance of the provisions and formalities of law, and that the proceedings which have been had in the court to which the petition is addressed, are null, because no attorney of absent heirs was appointed, and no account of any administration was made and returned for several years after the opening of said succession.   He then prays that the widow, who is said to have intermarried with the other defendant, and to one or both of whom, letters of curatorship have been granted, may be cited, &c., that he may be recognised to be a lawful heir of the deceased, that the sale of the said estate and all the proceedings had in this court, may be annulled, avoided and reversed, and the petitioner thereupon put in possession of said estate, or such portion thereof, as may be adjudged to him, and for general relief.

It is evident, the plaintiff's principal object is to recover the property of an estate irregularly sold, and it is clear the Court of Probates cannot inquire directly into the title to real estate, though there are cases in which it may be done incidentally, for certain purposes.   It is alleged, that the property has been

<span style="float:right">The Court of<br>Probates will not<br>entertain juris-<br>diction of a suit<br>against a curator<br>of an estate to re-<br>cover the proper-<br>ty which it is al-<br>leged has been<br>irregularly sold,<br>and especially<br>when the pur-<br>chasers are not<br>made parties.</span>

48

EVERETT
*vs.*
M'KINNEY ET AL.

The Probate Court cannot inquire directly into the title to real estate, though there are cases in which it may be done incidentally.

It is not enough to allege that a defendant is curator of an estate, to give jurisdiction to the Court of Probates of the subject matter not in itself of probate jurisdiction.

sold, but to whom is not shown, nor is the supposed purchaser made a party. It is true, the plaintiff states that letters of curatorship have been granted to one or both of the defendants, but he does not ask that the letters of curatorship may be vacated, nor for an account of administration. It is not enough to allege that a defendant is curator to give jurisdiction to the Court of Probates of the subject matter not in itself of probate jurisdiction. The same remark may be made in relation to the allegation that the plaintiff is an heir, and the prayer that he may be recognised as such. The question of heirship may be inquired into, in any court of original jurisdiction, as a fact, on which the rights of the parties may depend. As an abstract question, it is no more of the exclusive competence of the Probate Court, than of any other. An heir, in order to sue for the property of an estate, which he claims in that character, is not obliged, first, to resort to a Court of Probates, to establish the fact of his heirship.

It has been attempted to show, that this is in fact, an action to annul judgments, orders and proceedings in the Probate Court, and consequently, that no other court could take cognizance of it. But the orders, judgments and proceedings, are not specified; on the contrary, it is alleged, that the estate is unadministered, and no authority to administer is asked. It is essential to an action in nullity of a judgment, that it should be brought against a person who was a party to the judgment. This is not alleged in this case. It is vaguely stated, that all the proceedings and orders are null, without showing that the defendants were parties, much less, that the plaintiff was. In this respect, this action has not the semblance of an action to annul a judgment. We infer from the whole tenor of the petition, taken together, that the allegation of nullity in the proceedings, was merely incidental to the principal demand, to wit: the recovery of property illegally alienated, belonging to the succession of Hyman, and that there is no question of probate jurisdiction stated, which the defendants had any interest in contesting. We are,

therefore of opinion, that the court, did not err, in sustaining <span style="float:right">WESTERN DIST.<br>*October*, 1834.</span>
the exception.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Court of Probates be affirmed, with costs.