EASTERN DIST.
*April*, 1838.

HENRY
*vs.*
KEAYS ET AL.

## HENRY *vs.* KEAYS ET UX.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The Probate Court has power to decide on the character and validity of sales of land and slaves, when the question arises, collaterally, in the examination of matters in which it has jurisdiction, as in ascertaining what property belongs to a succession, and in partitioning property among heirs.

The District Court has authority to ordain and regulate a partition of property, held in common by other title than hereditary succession, at the suit of a co-proprietor. It is the ordinary action *de communi dividando.*

The ordinary general jurisdiction should not be restricted, except by the unequivocal will of the legislature.

The District Court is not without jurisdiction *ratione materiæ*, in an action of partition between co-heirs and joint owners of immovable property of full age, inherited from a deceased sister.

This is an action of nullity, to set aside a former judgment of the District Court, for want of jurisdiction.

The judgment sought to be annulled, was rendered in November, 1836, in an action of partition, between the brothers and sister of a deceased sister, all of full age, to have the property of her succession divided, or partitioned by licitation. The judgment decreed the sale of certain slaves, belonging to the succession of the deceased, and the proceeds to be brought into court, to make a final partition between the plaintiff and defendants, as co-heirs of the succession.

In December following, the present suit was instituted, to annul the judgment of partition, and in the mean time an injunction was obtained to prevent its execution. The grounds on which it was sought to be annulled, were, that the judgment was not for the recovery of a sum of money alone, but ordering a partition and settling the rights of co-

heirs in a succession, which, according to article 924, and
No. 14 of the Code of Practice, belongs exclusively to the
Court of Probates.

There was judgment for the plaintiffs, annulling and
cancelling the former judgment, from which the defendants
appealed.

*Caillard,* for the plaintiff, contended that the first judgment
was a nullity, because the District Court which rendered it
was entirely without jurisdiction. The Court of Probates
has exclusive jurisdiction in matters of this kind, and to
" ordain and regulate all partitions of successions, in which
minors, etc., are interested ; or even those which are made
by authority of law, between persons of lawful age, and
residing in the state, where such persons cannot agree upon
the partition, and the mode of making it." *Code of Practice,*
*article* 924, *No.* 14.

2. The parties to this judgment, were of lawful age, and
disagreed about the partition of their deceased sister's suc-
cession. They should have went into the Probate Court for
a settlement and partition.

3. The District Court has no jurisdiction in actions of
partition of a succession. The Probate Court has exclusive
jurisdiction. This is fully shown by the law, which gives
the District Court exclusive jurisdiction of suits, against
heirs of successions, that have been partitioned. See *Session*
*acts of* 1828, *page* 156, *section* 13.

*Roselius,* for the defendant, maintained, that the principal
question in this case, is, has the District Court jurisdiction
*ratione materiæ* in suits for the partition of property, held in
common and acquired by inheritance, when all the heirs are
of age ? He maintained the affirmative. The pleadings
show, that Keays and wife, in right of the latter as heir of a
deceased sister, claim the one undivided half of certain
slaves and money, belonging to the succession, in the pos-
session of her brother and co-heir. She demands a partition.
The brother claims to have title in virtue of a sale, with the

consent of Mrs. Keays, and annexes an account showing the plaintiff had been credited for the price of the slaves, but claims a balance against her. Under these pleadings it is mainly a question of title, of which the District Court alone has jurisdiction.

2. The jurisdiction of the Court of Probates is limited. When there is no dispute as to the title of the property to be partitioned, it has concurrent jurisdiction with the District Court in suits for a partition, but the moment an adverse title is set up by any of the parties, its jurisdiction ceases, as it has no power to decide questions of title to real property. This point has been repeatedly decided. See 4 *Martin, N. S.*, 78, 485 *and* 509. 5 *Ibid.*, 9.

3. It is clear, the District Court has concurrent jurisdiction with the Court of Probates, in ordinary actions of partition ; at least when the parties are all of full age. The act of 1825, page 122, section 3, gives jurisdiction to the District Court in express terms, and has been so decided by this court. See *Gosselin et al. vs. Gosselin. 7 Martin, N. S.*, 469. See also 6 *Louisiana Reports*, 423. 9 *Ibid.*, 584.

4. Notwithstanding the repeated decisions of this court, and without a single plausible reason to impugn the correctness of these decisions, the late learned judge of the District Court facetiously informs us, that " the subject of jurisdiction is the *pons assinorum of lawyers, judges and courts.*" Now I apprehend with all due deference, that the application is too sweeping and general ; if it had been restricted to his honor, no one would have a right to find fault ; there would have been much more truth in it.

5. In this case the property sought to be partitioned, was acquired by inheritance, and being held by several heirs, they are claimants of undivided portions as co-proprietors, just in the same manner as if they had made a joint purchase of it, and each joint owner has the right to sue for a partition.

The district judge says, "that the succession court is the sole proper tribunal to sue in, for the partition of succession property. Whatever may be the force of this argument in a

case of a succession, accepted under the benefit of inventory, and administered by the authority of the Court of Probates, t is utterly destitute of all weight, when a succession is accepted purely and simply by the legal heirs. For such heirs there is no succession court ; their capacity need not be recognized by the Court of Probates ; nor are they amenable to the jurisdiction of that court : they must sue and be sued in the courts of ordinary jurisdiction, unless the creditors claim a separation of patrimony. No settlement of a succession can possibly take place in the Court of Probates, when the legal heirs accept it purely and simply ; the heirs cannot sue each other in that court, except for a partition, and surely no one ever dreamt of bringing a suit against such an heir in the Court of Probates, for a debt due to him as heir. That court has jurisdiction ' to decide on claims for money which are brought against successions, administered by curators, testamentary executors, or administrators of successions, and to establish the order of privileges and mode of payment.' *Code of Practice, article* 924, *No.* 13. The judge's idea, therefore, that a succession must be preceded by a settlement in the Court of Probates, before a suit for a partition can be brought in the District Court, appears to me unfounded. A settlement or liquidation of the respective claims of the parties, *accompanies* and does not *precede* every partition : that liquidation is a part of the partition. Our code expressly provides, that this is the first step to be taken in a judicial partition. *Louisiana Code, articles* 1271, *et seq.* These articles speak of partitions between heirs, it is true ; but the article 1304 applies all the rules established in the present section, with the exception of that which relates to collations, to partitions between co-proprietors of the same thing, etc., etc. Indeed no partition can be made without a settlement. Suppose two persons own a plantation in common, which has been administered by one of them, who has received the revenues yielded by it, and has made disbursements on account of it, will any one in his senses pretend that a partition can legally be made in such a case, without a liquidation and settlement of accounts ?

"It seems to me, that the error of the judge below proceeds from the opinion which he appears to entertain, that no person can acquire property by inheritance, without going into the Court of Probates."

*Bullard, J.,* delivered the opinion of the court.

This is an action to annul a judgment of the District Court, on the sole ground that the court was without jurisdiction *ratione materiæ*, and that it pertained exclusively to the Court of Probates, under article 924, No. 14, of the Code of Practice.

There was judgment in favor of the plaintiff, and the defendant appealed.

Upon looking into the pleadings in the first suit, we find that the plaintiffs, Keays and wife, in the right of the latter, demand a partition of certain property, to which she asserts title, partly by inheritance from a deceased sister, and partly by donation from a co-heir. Her title to one-fourth, thus claimed by donation, is denied in the answer, which admits nothing except the death of Françoise Adelaide, and the heirship of Marie Henriette, the plaintiff, for one-fourth of her succession. The answer further sets up a sale of certain slaves, particularly alleged by the plaintiff as forming a part of the property of the succession, and the defendants charge themselves with the proceeds of an alleged sale.

The District Court having succeeded to the Superior Court of the territory of Orleans, is one of general jurisdiction. The Court of Probates, on the contrary, can exercise no power not expressly given to it by statute, and is, therefore, one of limited jurisdiction. By the Code of Practice, the authority of that court is exclusive to ordain and regulate partitions of successions, even among persons of lawful age, and residing in the state, when they cannot agree upon the partition and the mode of making it. Under this grant of power, this court has thought that the Court of Probates might well act upon certain questions, arising incidentally in the course of the partition, which would more properly belong to the ordinary jurisdiction if presented separately,

*The Probate Court has power to decide on the character and validity of sales of land and slaves, when the question arises, collaterally in the examination of matters in which it has jurisdiction, as in ascertaining what property belongs to a succession, and in partitioning property among heirs.*

as in the case of M'Caleb *vs.* M'Caleb, in which we held that that court might decide on the character and validity of sales of land and slaves, when the question arises collaterally in the examination of other matters in which it has juris- diction. The same principle was recognized in the case of Gill *vs.* Phillips, 8 *La. Reports,* 462. 6 *Martin, N. S.,* 304.

The authority of the District Court, to ordain and regulate a partition of property, held in common by other title than hereditary succession, at the suit of a co-proprietor, can hardly be questioned at this time. It is the ordinary action *de communi dividundo.* The general principles which govern both actions are substantially the same.

Much of the difficulty, confusion and perplexity, of which our learned and ingenious brother of the District Court, complains, (certainly the result of sincere conviction, inasmuch as he has in this case, annulled a judgment pronounced by himself,) have arisen from the act of 1825, which has, on more than one occasion, been brought to our attention. That act confers on the District Court authority to order partitions of property *held in common.* The expression used in the statute is sufficiently general to embrace all joint property, by whatever title it may be held. Hence, this court concluded, that in some cases of partition, the jurisdiction of the two courts might be concurrent. Admitting in ordinary cases, that, where the thing to be partitioned is one entire succession, and the parties hold by the same title as heirs, the authority of the Court of Probates is conclusive, yet in the case now before the court, such is not alleged to be the fact. As to the fourth claimed by the plaintiff under the donation, although she is a joint owner with the defendants, she does not claim as heir of the deceased, but in virtue of the donation. To that extent she sets up pretensions as a stranger to the succession. If we are bound to give any effect to the act of 1825, if it be not a dead letter, we cannot but think that the case now under consideration involves some questions proper for the ordinary jurisdictions.

We consider it a sound principle, that the ordinary general jurisdiction should not be restricted, except by the unequivo-

The ordinary general jurisdiction should not be restricted, except by the unequivocal will of the legislature.

cal will of the legislature, but in relation to the Probate and District Courts, there is another reason which we regard as worthy of consideration. The trial by jury is deservedly dear to the people. The Probate Courts proceed without a jury. The pleadings in this case present more than one question of mixed fact and law, which, if either party had required it, might well have been submitted to a jury. The existence of a donation, which, in part, forms the basis of the plaintiff's action, is denied; and a sale of slaves under which the defendants assert title, is also substantially alleged and denied.

It is true, the jurisdiction and powers of those two courts, under the existing laws, as we understand and interpret them, run into each other in such a manner that it is difficult to draw the clear line of demarcation. Each has the power to decide upon questions arising incidentally and collaterally, which, if prosecuted in an isolated form, might pertain more properly to the other. We do not, however, consider the settlement of accounts among the co-heirs, upon which some stress has been laid in this case, as presenting any serious difficulty. Such settlement of mutual claims and demands growing out of the thing to be partaken, and the relation of the parties in reference to their joint ownership, forms an incident in every partition, and is to be adjusted in the course of the proceedings which follow the judgment ordering a partition, and is a very different thing from the settlement of a succession, so far as the interest of third persons is concerned. It necessarily embraces the emoluments derived from the common property, by one or more of the co-proprietors, useful improvements made, or expenses incurred for the common benefit. All parties are considered both as plaintiffs and defendants, in relation to all matters of common interest in controversy.

The District Court is not without jurisdiction ratione materiæ, in an action of partition between co-heirs and joint owners of immovable property, of full age, inherited from a deceased sister.

Upon the whole, we conclude, that the District Court was not wholly destitute of jurisdiction, in relation to the matters at issue, in the case in question, and that the court erred in annulling its judgment. But we do not consider this a case in which we can give judgment on the injunction bond,

under the act of 1831, because we do not see how a writ of *fieri facias* could well issue, to enforce the judgment first rendered, which was not for a specific sum of money, but which merely ordered the sale of two slaves, and directed the proceeds to be brought into court for distribution.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the suit be dismissed, and that the appellees pay the costs of both courts.