*Eastern Dist.*
*June, 1840.*

BADON'S HEIRS
*vs.*
FOUCHER ET AL.

---

BADON'S HEIRS *vs.* FOUCHER ET AL.; II. BADON'S HEIRS
INTERVENORS.

15L 455
52 186

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST.
TAMMANY.

Where heirs sue their co-heirs for a partition of property inherited from their common ancestor, in the Probate Court. and another set of heirs intervene and claim title to one-half the property, under another and different ancestor, it involves questions of title, which must be brought before the courts of ordinary jurisdiction.

The Probate Court can inquire into the validity of sales and titles to immovable property, whenever the question arises collaterally in matters within its jurisdiction.

In a contest about the right and title to property, between two sets of heirs, claiming under different ancestors, and which is not a necessary incident to a partition, the Probate Court is without jurisdiction.

So, where one set of heirs intervene in the Probate Court, and claim title to half the property, in an action of partition between co-heirs, inheriting from different ancestors, their petition of intervention will be dismissed for want of jurisdiction.

This is an action of partition, instituted in the Probate Court, by a portion of the heirs of the late Robert and Mariah Badon, against the defendants as purchasers from the remaining portion of said heirs, a tract of land, held by them in common. The plaintiffs allege, that their deceased father and mother were the owners of a tract of land, situated in the parish of St. Tammany, on the road from Madisonville to Covington, on the Tchefuncta river, and known as the Ferry Tract; having forty arpents in front, by forty in depth, and containing one thousand six hundred superficial arpents. The petitioners show, that Jewell, as tutor of his minor children, represents two shares in said tract of land ; Wm. and J. A. Badon each own a share; and Monette M. Badon, wife of Sellers owns one-eighth of the plantation, being one share, as daughter of the deceased; that the defendant, A. Foucher, owns two shares, and P. Guesnon, one share, as purchasers from R. & E. Badon, two sons of the deceased, and from Eliza Badon, a daughter.

The plaintiffs allege, that they are desirous of effecting a partition, which must be done judicially, as some of them are minors, and it can only be made by a sale. They annex the necessary documents, authorizing them to proceed, and pray for a partition accordingly. There was no opposition by the defendants to the partition.

At this stage of the proceedings, the heirs of Henry Badon, deceased, who was a brother of Robert Badon, intervened, and claimed to be the owners of one-half the tract of land in question. They set out the original title, and allege that it was bequeathed by their grand-mother, to their father and his two brothers, Robert and Zenon Badon, to be held equally between them, and remained in the common possession of the children and heirs of Henry and Robert Badon, (Zenon having died without issue) and now continues *un-*

*divided,* as their property, they being co-proprietors and joint owners of the same : that, in right of their father, they are owners of one-half of said property, and are jointly interested in one undivided half, with the heirs of Robert Badon, the plaintiffs and defendants in this suit.   They pray for leave to intervene, and be recognized as co-heirs, and have judgment for one-half of the tract of land, which they also pray may be divided.

The plaintiffs and defendants opposed this intervention, and denied that the Court of Probates could take jurisdiction of the matters set forth therein, because they involved questions of title.   They also expressly denied that the intervenors had any right or title to this property, but, on the contrary, that it belonged to, and is owned by them exclusively; and that they, and those under whom they claim, have possessed for forty years, in good faith and by just titles ; wherefore, they plead the prescription of ten, twenty, and thirty years, and pray that the demand of the intervenors be rejected.

The Judge of Probates sustained the jurisdiction of the claim in intervention, and proceeded to try the whole case on the merits.   From the evidence, it appeared that this tract of land was granted to Catherine Montlemat, widow of Joseph Badon, and by her bequeathed to her three sons, Robert, Henry, and Zenon Badon, in January, 1801, when she died; that Robert Badon was testamentary executor of his deceased mother's will, and curator of his two minor brothers ; ' that he acknowledged before the Spanish tribunals, the right of his two minor brothers to one-third each, of said land ; that Zenon Badon died without issue, leaving his two brothers and three sisters, his heirs ; and neither of the sisters, or their heirs, are before the court.   The judge divided the tract of land in contest between the two sets of heirs, of Henry and Robert Badon, and made the partition accordingly.   The plaintiffs and defendants appealed.

*Preston,* for the plaintiffs and appellants argued on the merits, to show that the intervenors had no title, and that if

they ever had, their claim was barred by the prescription of ten, twenty, and thirty years. This argument was made, on the supposition that the court would overrule the plea to the jurisdiction of the Court of Probates over the petition in intervention, which, he urged, could not be done consistently with the *Code of Practice, article* 921, *Nos.* 13, 14; *idem.*, 983; 4 *Martin, N. S.*, 510; 7 *Louisiana Reports*, 378; 2 *idem.*, 26; 3 *idem.*, 340; 8 *idem.*, 465; 11 *idem.*, 389.

*Hennen,* for the intervenors, insisted that the sole question to be decided here, was one of partition, and that the Probate Court has jurisdiction, although the intervenors' rights, as co-heirs, may involve a question of sale and title; but the court can decide the question of sale and title, which is only brought incidentally before it. 5 *Martin, N. S.*, 217; 6 *idem.*, 304; 7 *Louisiana Reports*, 378; *M'Caleb* vs. *M'Caleb,* 8 *idem.*, 459.

2. All the parties claim under a common ancestor; and the only question is, who are the co-heirs? Some of the defendants acknowledge the rights of the intervenors, and are willing to let judgment pass in their favor. On the merits, he contended that the intervenors fully made out their claim to one-half of the land. In relation to prescription, it could not run against them, for they were minors.

*Morphy, J.,* delivered the opinion of the court.

This is an action of partition, brought by some of the heirs of the late Mariah Badon, widow of Robert Badon, against the defendants. The latter are alleged to be co-proprietors with them, of a tract of land on the Tchefuncta river, by virtue of purchases under the only other heirs of their said deceased mother, from whom the land was inherited. The heirs of Henry Badon intervened, asserting title to one-half of the tract about to be partitioned. They set forth that their grand-mother, Catherine Montlemat, widow of Joseph Badon, was the owner and possessor of said property; that, on the 3d of January, 1801, she made her last will, bequeathing the same to her three sons, Robert, Henry, and

Zenon Badon; that the land remained in the common pos-
session of the three brothers during their life time, and con-
tinued afterwards in the possession of the children of Robert
and Henry Badon, the other brother having died without
issue; that they are thus interested for one undivided half
of the property, of which they have never been legally di-
vested. They pray that they may be made parties to these
proceedings, and may be authorized to receive one-half of
the whole tract, &c. In answer to this petition of interven-
tion, the plaintiffs put in a plea to the jurisdiction of the
court, averring that the original parties to this suit, are the
true and only owners of the whole tract; and that they,
and those under whom they hold, have exclusively possessed
the property in good faith, and by virtue of just titles, for
forty years. They pleaded the prescription of ten, twenty
and thirty years, against the claim of intervenors.

The judge of the court below overruled the plea to his
jurisdiction, recognized the right of the intervenors to one-
half of the premises, and decreed a partition accordingly.

We think, that the plea to the jurisdiction of the Probate
Court should have been sustained. The parties in this case
were proceeding to a partition among themselves, of property
derived from the estate of their mother, Mariah Badon, to
whom it had been sold or adjudicated at the death of her
husband, Robert Badon, in the year 1820; other persons step
in, and assert themselves to be owners of one-half of the
property which, they say, descended to them from their
father, Henry Badon. It is apparent from the pleadings,
that the plaintiffs and defendants in this suit, held under a
title adverse to that of the intervenors; although both were
originally derived from Catherine Montlemat, widow of Jo-
seph Badon, their grand-mother. This assertion on the part
of the intervenors, of their right to one-half of this property,
in opposition to the exclusive ownership and possession which
the heirs of Mariah Badon aver to be in themselves, for the
whole of it, clearly gives rise to a question of title which, in
our opinion, should have been brought before the courts of
ordinary jurisdiction. We have been referred to several of

*Where heirs sue their co-heirs for a partition of property inherited from their common mother, in the Probate Court, and another set of heirs intervene and claim title to one half of the property under another and different ances-tor, it involves questions of ti-tle which must be brought be-fore the courts of ordinary juris-diction.*

So, where one set of heirs intervene in the Probate Court, and claim title to half the property, in an action of partition between co-heirs, inheriting from a different ancestor, their petition of intervention will be dismissed for want of jurisdiction.

our decisions, in which we recognize the right of the Court of Probates to decide on the character and validity of sales of real property belonging to an estate, whenever the question arises collaterally, in matters within the jurisdiction of the court. This must be understood to apply to questions of this sort, arising among the acknowledged co-heirs of an estate, when, to ascertain the entire amount of the property to be partaken, the court before whom a suit in partition is pending, must necessarily test the validity of conveyances made to some of the heirs, when they are attacked by the other heirs. This is indispensable for the exercise of its legitimate authority, and to arrive at a correct adjustment of the rights of the parties before it. In this case, on the contrary, it is a contest between two sets of heirs, claiming under different ancestors. It is not a necessary incident of the partition, which might well have been proceeded in, and terminated without difficulty, among the original parties, but for this adverse claim of these intervenors. 4 *Martin, N. S.*, 485, *Harris, Tutor* vs. *M'Kee, et al.* ; 8 *Louisiana Reports*, 465, *M'Caleb* vs. *M'Caleb* ; 11 *idem.*, 389 ; *O'Donogan* vs. *Knox* ; *Code of Practice*, articles 924, 983.

Had the adjudication of this property in 1820, been made to a stranger, instead of the surviving widow of Robert Badon, the present intervenors could not have brought suit against the heirs of the purchaser, in the Court of Probates. Should we permit them to set up their claims in that court, by making themselves parties to a partition pending between heirs, holding under a person from whom they do not pretend to derive title, we would allow them to do indirectly, that which they could not do directly.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed ; that the intervention of the heirs of Henry Badon in this suit, be dismissed, with costs in both courts ; and it is further ordered, that this case be remanded to the inferior court, to be proceeded in according to law, between the original parties thereto.