No. 4675.

SUCCESSION OF JOHN HEAVIA. ON THE THIRD OPPOSITION OF DANIEL L.
STANTON.

The Second District Court had jurisdiction to determine whether or not property
was properly seized under a writ issued by its authority. The levying of the
*fieri facias* brought the property within its jurisdiction, and it was the only tri-
bunal to pass upon the correctness of the seizure.

Act No. 2 of 1873, in its first section, provides that said act shall not be construed to
prevent the Second District Court for the parish of Orleans from exercising all
the powers granted by section five of act No. 2 of the special session of 1870, ap-
proved March 16, 1870.

The reservations contained in said act of 1873 concerning the Second and Third Dis-
trict Courts were made in view of the exclusive jurisdiction of injunctions, in
all other respects conferred on the Superior District Court created by said act;
the jurisdiction of the other courts in other matters not mentioned in said act
remaining undisturbed. The power of the respective courts to pass on and
determine all matters connected with the jurisdiction of each, and the execution
of writs issued by each, as it before existed, was not infringed.

The Second District Court had jurisdiction of Johnson's claim against the succes-
sion of Heavia and of the execution or enforcement of the judgment rendered
thereon, and necessarily of all questions arising in the execution or enforce-
ment thereof, there being no limit as to value to its jurisdiction, as in the case of
parish courts.

If Stanton, the third opponent in this instance, were to institute a petitory or pos-
sessory action to recover real property, he would of course have to go into a
court of ordinary jurisdiction: but when his property is seized under an execu-
tion against another person, he can go into the court issuing the writ to have it
released because it did not belong to the debtor.

Stanton having established the reality of his purchase, the property purchased by
him could not therefore be seized under an execution against his vendor until
the sale was duly set aside.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J.
*R. H. Marr*, for C. S. Johnson, appellant. *Rice & Whitaker*, for
Stanton, third opponent and appellee.

HOWELL, J. S. C. Johnson filed an opposition to the account presented
by the widow of John Heavia, administering as tutrix, and obtained a
judgment on his demand. Failing to get payment, he took a rule on the
tutrix to make her liable, personally, and upon issuing execution against
her, seized certain property as belonging to her, whereupon D. L. Stan-
ton filed an opposition, claiming the said property as owner by purchase
from Mrs. Heavia prior to the seizure. No injunction having issued, the
property was sold by the sheriff, and Johnson became the purchaser.
Upon trial of the opposition, Stanton was declared the owner, and John-
son appealed.

In the brief Johnson's counsel suggests that the Second District Court
was without jurisdiction of the controversy between these parties. We
think it clear that said court had jurisdiction to determine whether
or not property was properly seized under a writ issued by its author-
ity. The levying of the *fieri facias* brought the property within its

jurisdiction, and it was the only tribunal to pass upon the correctness of the seizure.

Act No. 2 of 1873, in first section, provides that "said act shall not be construed to prevent the Second District Court for the parish of Orleans from exercising all the powers granted by section five of act No. 2 of the special session of 1870, approved March 16, 1870, * * * and shall not be held to deprive any judge or court of the power to issue injunctions to stay the execution of any order of seizure and sale, or any writ of execution or possession granted by such judge or court, and shall not be held to deprive any such judge or court of the power to issue the writ of injunction to stay the execution or enforcement of any judgment or order of sequestration, attachment, or provisional seizure made by such judge or court. The power reserved to the Second and Third District Courts to issue writs of mandamus and injunction in aid of their special jurisdiction and the power reserved to each of the district courts to issue writs of injunction to stay proceedings in said courts, as herein set forth, shall be exclusive of the Superior District Court herein created."

These reservations were made in view of the exclusive jurisdiction of injunctions, in all other respects conferred on the Superior District Court, created by said act; the jurisdiction of the other courts in other matters not mentioned in said act remaining undisturbed. The power of the respective courts to pass on and determine all matters connected with the jurisdiction of each, and the execution of writs issued by each, as it before existed, was not infringed.

The Second District Court had jurisdiction of Johnson's claim against the succession of Heavia, and of the execution or enforcement of the judgment rendered thereon, and necessarily of all questions arising in the execution or enforcement thereof, there being no limit, as to value, to its jurisdiction as in the case of parish courts.

If Stanton were to institute a petitory or possessory action to recover real property, he would of course have to go into a court of ordinary jurisdiction; but when his property is seized under an execution against another person, he can go into the court issuing the writ, to have it released because it does not belong to the debtor.

Upon the merits of this controversy we agree with the district judge that Stanton has established the reality of his purchase, and that, therefore, the property purchased by him could not be seized under an execution against his vendor until the sale was duly set aside.

Judgment affirmed.

———

LUDELING, C. J., *dissenting*. The creditor of the succession obtained a judgment against the tutrix personally, and caused certain property to

Succession of Heavia.

be seized as hers, under an execution issued against her individually. Whereupon one Stanton sued out a third opposition, claiming that the property *belonged to him*. The seizing creditor, in his answer, alleged that Stanton's title was simulated.

The only question at issue is the title of Stanton to the property seized. The Second District Court, which is a probate court, has not jurisdiction in the case *ratione personæ* and *ratione materiæ*. The plaintiff and defendant are both living persons and strangers to the succession, and the matter in dispute is the title to real estate. By the express terms of article eighty-three of the constitution, the Second District Court of the parish of Orleans has " exclusive probate jurisdiction," and it has long been settled that titles to real estate can not be decided directly by the probate courts. 5 N. S. 217; 6 N. S. 305; 7 La. 378; 12 La. 214; 14 La. 177; 15 La. 455; 17 La. 238; 3 Rob. 100; 4 R. 165, 290; 8 R. 488; 3 An. 582.

In Reels vs. Knight, 5 N. S. 10, it was decided that the probate court has no jurisdiction where plaintiff alleges title pleaded by defendant to be simulated, which is exactly the question involved in this case. If the act of the Legislature which gives courts the power to regulate the executions issued by them was intended to confer jurisdiction which they did not possess, it would, in this case, violate article eighty-three, which makes the Second District Court a probate court exclusively. But I do not understand that to have been the intention.

I therefore dissent from the opinion of the court.

Mr. Justice Taliaferro concurs in this opinion.