No. 13,187.

LOUIS SCHICK VS. CHARLES R. CORBETT ET ALS.

SYLLABUS.

1.   A suit brought in the Fourth City Court to recover *in solido* from three parties alleged to be partners in a commercial partnership doing business under

Schick vs. Corbett et als.

the name of Globe Debenture Co., Limited, and the partnership itself, the sum of eighty dollars alleged to have been paid them under a contract declared to have been abandoned by them, discloses on its face, as stated, a cause falling under the jurisdiction of the Fourth City Court.

The plaintiff cannot be controlled in the statement of his cause of action as he believes it to be, but he makes his allegations at his risk as to their correctness.

The defendants cannot oust the jurisdiction of the court of original jurisdiction by denying the existence of a partnership as alleged, and by denying that they were partners therein, and setting up that the body with whom plaintiff contracted was a corporation, and the individuals sued as partners were stockholders therein, and that the issues raised in the litigation involved the decision by the court of the question of the legal existence *vel non* of a body claiming to be a corporation holding assets largely in excess in value over the amount of which the court had jurisdiction, and also of the continued existence *vel non* of a contract covering values largely in excess of its jurisdiction.

The issues stated are matters of defense, and what is set up by a defendant in defense does not oust the court's jurisdiction over a claim by plaintiff, which, as stated, falls legally within it. (State *ex rel.* Cayard, 52 Ann., 4: Succession of Rose. 48th Ann., 418.)

2. The Supreme Court has, on a number of occasions, declared that, although probate courts can not try titles to real estate and decide directly on their validity, yet when the question of title arises collaterally, and its examination is necessary to arrive at a correct conclusion in matters over which it has jurisdiction, it must necessarily take cognizance of such title. "*Quando lex aliquid concedit concedere videtur it id per quod devenitur ad illud*".

IN RE Charles R. Corbett et als. applying for *certiorari* or writ of review to the Court of Appeals, Parish of Orleans.

*Francis Lory, Jr.,* for Charles R. Corbett et als., Petitioners.

Respondent judges for themselves.

*George B. Smart* for Louis Schick, Respondent.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendants in the above cause, Charles R. Corbett, H. H. Brooks, Dr. Ernest Pollock, and the Globe Debenture Company, Limited, filed in this court a petition in which they averred:

"That a suit was filed in the Fourth City Court, of the parish of Orleans, by one Louis Schick vs. Petitioners, for the return of eighty dollars paid by said plaintiff on certain installments, due on certain debenture certificates, which were issued to him, alleging that said

corporation (The Globe Debenture Company) was insolvent, illegally organized, hence by virtue of the jurisprudence of Louisiana, laid down in Hewitt vs. Williams, 47 Ann., 1078, said incorporators (Corbett, Brooks and Pollock) were liable as commercial partners, and judgment was prayed for against all of the present petitioners.

"That petitioners met the issue, urging that said petition was vague and indefinite, set forth no cause of action, prematurity of action, non-joinder and mis-joinder of parties, and that said Fourth City Court was without jurisdiction *ratione materiae,* and, as to the Globe Debenture and Loan Company, Limited, that the word Limited was omitted from the petition and prayer, and citation was so issued and in the name of the Globe Debenture and Loan Company, to which the exception of want of citation was urged.

"That in the Fourth City Court all the exceptions were overruled, and judgment rendered as prayed for.

"That the cause was then appealed to the Court of Appeals, which said Court of Appeals, through Judge I. D. Moore, affirmed said decision of said City Court.

"That under Article 101 of the Constitution, the Supreme Court had the right to review said judgments under writ of review, and petitioners urge as grounds of nullity of said judgment:

First—That the petition of plaintiff was vague and indefinite and set forth no cause of action.

Second.—That said suit was premature, as said term of said contract had not expired.

Third.—That said Fourth City Court was without jurisdiction *ratione materiae* to pass upon said claim, as the amount of said contract, and not the amount sued for, was the test of jurisdiction, and said City Court was without jurisdiction to pass upon the validity, or non-validity, of a charter, as said City Court was a court of limited jurisdiction, and to pass upon the validity of a charter would be distributing a fund over and above one hundred dollars, and might involve a title to real estate, and not until a charter had been decreed annulled or forfeited could a City Court pass upon a suit brought against individuals as commercial partners. That, under the contract of the Globe Debenture and Loan Company, Limited, it was not required to redeem outstanding certificates until six years after issuance, hence said action was premature on the face of the contract. That the matter in dispute, and not the amount sued for, vested juris-

diction, for Article 143 of the Constitution specifically states the amount in dispute or the fund to be distributed.

Fourth.—The Globe Debenture and Loan Company, Limited, was incorrectly sued, the word Limited being left off, and citation so issued, was no citation at all, and was illegal, hence the exception of want of citation.

Fifth.—That said corporation having been joined, and so incorrectly with the individual incorporators, there was a non-joinder and a mis-joinder and want of proper parties.

That said judgment was a nullity, void, and of no effect.

That they were without remedy of appeal from said judgment of the Court of Appeals, and their only remedy was for a writ of ·certiorari, under Article 101 of the Constitution of 1898.

They prayed for such writ and the bringing up of the record in the cause; that the judgments of the City Court, and Court of Appeals, be reviewed, and that such judgment and order be rendered as the Supreme Court might be competent to grant.

On reading and considering this application a writ of review was ordered to issue, and under the orders of the court the record of the cause was brought to this court.

The allegations of the petition, filed by the plaintiffs in the City Court, were as follows:

"That Charles R. Corbett, Dr. Ernest Pollock, and H. H. Brooks, engaged in business under the name and style of the Globe Debenture and Loan Company, Limited, are indebted unto petitioner for the sum of eighty dollars, for this to-wit:

"That petitioners entered into a contract with said Globe Debenture and Loan Company to subscribe to ten shares of debenture bonds, payable at the rate of two dollars per month per share, or twenty dollars in all, for a ·term of six years, unless sooner redeemed, at which time defendants were to pay petitioner in full the sum of two thousand one hundred and sixty dollars.

"That petitioner faithfully performed his part of the contract by paying the defendants the sum of twenty dollars per month for four consecutive months, amounting in all to eighty dollars, after which defendants refused to continue with the agreement and pretended that said Debenture and Loan Company was an insolvent corporation.

"That said Globe Debenture and Loan Company was not incorporated in the manner prescribed by law, and said Charles R. Corbett,

Dr. Ernest Pollock, and H. H. Brooks, the pretended incorporators, are liable, individually, and *in solido,* for the contracts of said pretended corporation as commercial partners.

"Wherefore petitioner prays that said Charles R. Corbett, Dr. Ernest Pollock, and H. H. Brooks, be cited to appear and answer this petition, and that after due proceedings there be judgment in favor of petitioner and against said defendants, Charles R. Corbett, Dr. Ernest Pollock, and H. H. Brooks, as well as the Globe Debenture and Loan Company, for the sum of eighty dollars, interest, costs, and for general relief."

We find accompanying the record forwarded to this court, a statement from the Court of Appeals, in which, after informing us that the suit was one on appeal before it, from the City Court of New Orleans, and was, therefore, tried *de novo,* and by one of its judges, who decided it immediately after trial, and without written opinion, as authorized by Art. 143 of the Constitution, it proceeded to make a statement of facts in the case. We need not discuss here the question whether such a statement, when the testimony has not been taken down in writing, would be authorized to be forwarded to us either *ex proprio motu* by the Court of Appeals, or at our own instance (C. P. 600-601), inasmuch as the purpose had in view by this court in ordering the record sent up was to examine into the question simply of the jurisdiction of the Fourth City Court, which was urged by the defendants in that court, and also in the Court of Appeals.

After considering that question, it is our opinion that the plea to the jurisdiction of the City Court was not well taken.

The action, as brought, was a simple monied demand for eighty dollars against three parties alleged to be partners in a commercial partnership doing business under a certain name, and against the said alleged partnership. It can not be denied that if the parties named were in fact partners in a commercial partnership, doing business under a particular name, the suit would properly fall under the jurisdiction of the City Court (State *ex rel.* Knopp vs. Judge, 48 Ann., 1027; State *ex rel.* Beauvais vs. Judges, 48 Ann., 672), but the defendants denied, as a fact, that they were partners in a partnership of any kind, or that the body averred to be a partnership was such; they averred, on the contrary, that the body said to be a partnership was a corporation, and that the alleged "partners" were stockholders in the said corporation; that the plaintiff could not ignore that fact and

Schick vs. Corbett et als.

proceed directly against them as he had done as partners, and against the body as a partnership, but was bound, as part of his case, to make a direct attack upon the existence of the body as a corporation, and inasmuch as the assets of the corporation were largely in excess in value over any amount of which the City Court had jurisdiction, and a judgment for plaintiff would necessitate a decision upon the issue as to whether the body sued was a corporation or not, the action could not, legally, fall under the cognizance of the City Court.

The plaintiff, undoubtedly, had the legal right to go into the City Court on a direct monied demand for eighty dollars, and to assert that the parties owing him were a commercial partnership and the members thereof, if he believed such to be the fact, and he was willing to allege them so to be.

He could not be controlled in the statement of his cause of action, and he made the statement at his own risk. If he could not establish the existence of his debt, and of its being owed to him by a commercial partnership, and the members of the partnership as alleged, he would take nothing by his suit.

The defendants, when brought into court as a commercial partnership and as commercial partners, had the legal right to deny the existence of such a partnership and of membership therein. Such a denial would simply present in defense a matter of fact, which the City Court, under the exigency of the situation, would be bound to pass upon.

The mere assertion of the defendants that they were a corporation, and stockholders therein, would simply be allegation against allegation. It could not be assumed, on a mere exception of jurisdiction, that defendants' allegation was correct.

To stop and determine on such an exception the issue of corporation, or partnership, would be to pass in limine into a matter properly an issue on the merits.

It is a matter of constant occurrence for courts of limited jurisdiction to be forced to pass indirectly upon matters which could not be legally brought before them for direct adjudication.

This court, for instance, on a number of occasions, declared that although probate courts can not try titles to real estate, and decide directly on their validity; yet, when the question of title arises collaterally, and its examination is necessary to arrive at a correct conclusion, in matters of which it has jurisdiction, it must necessarily

take cognizance of such title. *Quando lex aliquid concedit concedere videtur et id per quod devenitur ad illud.*

Reeds vs. Knight, 5 N. S., 10; 5 N. S., 217; 6 N. S., 305; 7 L., 378; 12 La., 214; 14 La., 177; 15 La., 455; 17 La., 238; 3 Rob., 100; 4 Rob., 165, 278, 290; 8 Rob., 488; 3 Ann., 582; Hennen's Digest (2nd Ed.), p. 342, *verbo* "Courts," No. 10.

It has also several times announced that what *u* defendant sets up by way of defense in an action, can not deprive the court of jurisdiction. State ex rel. Cayard, praying, etc., 52 Ann., 4; Buisson vs. Staats, 9 Ann., 236; Gustine vs. N. O. Oil Co., 13 Ann., 510; State vs. Delaney, 28 Ann., 434.

In Wells on Jurisdiction, page 67, it is stated that an incidental question concerning the title to land does not oust the jurisdiction of a court forbidden to try titles, although it has no jurisdiction when there is a direct and distinct issue made by the pleading, since, in that case, the matter of title is the foundation of the action, at least in part.

So, if a suit be brought on a promissory note given for land to which the plaintiff had no title, and for which he had failed to make a deed, this does not oust jurisdiction. Rogers vs. Perdue, 7 Black, 303; Hancy, 12 Ind., 481.

The prohibition relates to cases in which the purpose of the action is to recover the land, or settle the question of title.

We need not stop to inquire whether the adjudication of such an issue in the lower court would affect or determine the question as to the particular court to which an appeal should be taken from it, nor whether an adjudication rendered under such circumstances could be pleaded generally as *res judicata* upon such issue, or be limited in its effect to the decision of the particular case in which it was so indirectly forced and presented.

It is perfectly true that the conclusion reached might be erroneous, and, if so, that such an important issue would have been passed upon by a court of small jurisdiction, but that result could not well be avoided.

As matters stand to-day in Louisiana under our present judicial system, an argument of mere hardship loses much of its force, as through appeals and writs of *certiorari* and review almost every question of law and fact can be brought before this court for final decision-

For the reasons assigned, we find no good ground for altering, in any manner, the judgment of the Court of Appeals, or that of the City Court. They must remain undisturbed.